John J. Janis, ISB # 3599
Hepworth Holzer, LLP
537 W. Bannock Street #200
Boise, Idaho 83702
Tel: (208) 343-7510
Fax: (208) 342-2927
Email: jjanis@hepworthholzer.com

William D. Marler, # 17233 (*pro hac vice* anticipated)
MARLER CLARK, LLP, PS
1012 1st Ave, Fifth Floor
Seattle, WA  98104
Tel:(206) 346-1888
Fax:(206) 346-1998
Email: bmarler@marlerclark.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JENNIFER LUHM, on behalf of her minor son, E.L., <br><br> Plaintiff, <br><br> v. <br><br> PROSOURCE PRODUCE, LLC, <br><br> Defendant. | Case No.: 1:21-cv-00476 <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** |

COMES NOW Plaintiff, JENNIFER LUHM, on behalf of her minor son, E.L, by and through her attorneys of record, John J. Janis of Hepworth Holzer. LLP, and William D. Marler of Marler Clark, LLP, PS (*Pro Hac Vice* pending), and alleges upon information and belief as follows:

## PARTIES

1. Plaintiff JENNIFER LUHM, along with her minor son, E.L., reside and are domiciled in Downers Grove, DuPage County, Illinois.

COMPLAINT AND DEMAND FOR JURY TRIAL - 1

2. Defendant ProSource Produce, LLC ("ProSource") is a domestic for-profit limited liability company. On information and belief, its principal place of business is in Hailey, Idaho, and is organized and existing under the laws of the State of Idaho. ProSource's governor and all its members reside in Idaho. ProSource is therefore a citizen of Idaho. ProSource was the manufacturer, supplier, packager, distributor, and/or seller of the adulterated food product that is subject of this action.

## JURISDICTION AND VENUE

3. The jurisdiction of this Court is proper pursuant to 28 U.S.C. § 1332(a), since the matter in controversy exceeds, exclusive of interests and costs, the sum of Seventy-Five Thousand Dollars ($75,000.00), it is between citizens of different states, and the Defendant has minimum contacts with the state of Idaho such that maintenance of the suit in this district does not offend traditional notions of fair play and substantial justice.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part of the events or omissions giving rise to the Plaintiff's claims and causes of action occurred in this judicial district and because the Defendant is subject to personal jurisdiction in this judicial district at the time of the commencement of this action.

## GENERAL ALLEGATIONS

**The *Salmonella* bacteria**

5. *Salmonella* is an enteric bacterium, which means that it lives in the intestinal tracts of humans and other animals. *Salmonella* bacteria are usually transmitted to humans by eating foods contaminated with human or animal feces. Contaminated foods usually look and smell normal. Contaminated foods are often of animal origin, but all foods, including vegetables, may become contaminated. An infected food handler who neglects to wash his or her hands with soap and warm water after using the bathroom may also contaminate food.

6. Once in the lumen of the small intestine, the bacteria penetrate the epithelium, multiply, and enter the blood within 6-72 hours. As few as 15-20 cells of *Salmonella* bacteria can cause salmonellosis or a more serious typhoid-like fever. Variables, such as the health and age of the host and virulence differences among the serotypes, affect the nature and extent of the illness. Infants, elderly, hospitalized, and immune suppressed persons are the populations that are most susceptible to disease and suffer the most severe symptoms.

7. The acute symptoms of *Salmonella* gastroenteritis include the sudden onset of nausea, abdominal cramping, and diarrhea lasting several days. The diarrhea often turns bloody. There is no real cure for *Salmonella* infection, except treatment of the symptoms. Persons with severe diarrhea may require rehydration, often with intravenous fluids.

8. Persons with diarrhea usually recover completely, although it may be several months before bowel habits return entirely to normal. A small number of persons who are infected with *Salmonella* will go on to develop pains in their joints, irritation of the eyes, and painful urination. This development is called Reiter's syndrome or reactive arthritis, and it can last for months or years, sometimes leading to chronic arthritis that is difficult to treat. Antibiotic treatment does not make a difference in whether the person later develops arthritis.

**The 2021 *Salmonella* Oranienburg Outbreak**

9. As of November 12, 2021, 892 people from 38 states and Puerto Rico have been reported as confirmed cases in an ongoing outbreak of *Salmonella* Oranienburg.

10. Illnesses include onset dates between May 31, 2021 to October 25, 2021, with the victims' ages ranging from less than 1 year to 101 years, and a median age of 37.

11. 183 people have been hospitalized nationwide, so far there have been no deaths reported.

12. The CDC and public health officials have conducted 193 interviews to determine what people ate before they were ill. Seventy-five percent (145) of individuals with information reported eating or maybe eating raw onion, or dishes likely containing raw onion before they became sick.

13. The FDA conducted a traceback investigation and identified ProSource Produce, LLC as a common supplier of imported onions to many of the restaurants where sick people ate, including one restaurant where investigators identified the outbreak strain in a condiment cup that reportedly had contained onions.

14. The FDA's traceback investigation also identified Keeler Family Farms as an additional common supplier of onions from the State of Chihuahua, Mexico for many of the restaurants where sick people reported eating. When the FDA met with the firm, the firm agreed to voluntarily recall all red, yellow, and white onions imported from the State of Chihuahua, Mexico, from July 1, 2021, through August 31, 2021.

15. In addition, ProSource Produce LLC has issued a voluntary recall of red, yellow, and white whole, fresh onions imported from the State of Chihuahua, Mexico, with import dates from July 1, 2021, through August 31, 2021.

**E.L.'s Injuries**

16. On August 21, 2021, E.L. ate at the Tacochela restaurant, located at 2321 Ogden Ave., Downers Grove, IL 60515.

17. On August 23, 2021, E.L. experienced symptom onset of his *Salmonella* infection, including abdominal pain, headache, low grade fever and feeling extremely lethargic.

18. On August 24, 2021, E.L.'s symptoms continued to worsen, with vomiting and urinary incontinence. E.L. was taken to Westmont Immediate Care Clinic and was tested for

COVID and strep. Both tests came back negative. His parents sought medical care online with a virtual visit with Dr. Creed at Wheaton Pediatrics around 7:00 pm that night.

19. E.L.'s symptoms did not improve, and he started complaining of a stiff neck, and on August 25, 2021, around 9:30 pm his parents took him to Ann and Robert H. Luri Children's hospital, where he was given an IV. EL also had his blood work done, an x-ray, MRI and was then sent home at approximately 6:00 am on August 26, 2021. E.L. continued to experience headaches, abdominal pain, poor appetite and neck pain for the next 3 days, missing his first two days of school.

20. On August 31, 2021, E.L.'s fever had increased and he was still feeling miserable. After consulting with Dr. Roberts at Wheaton Pediatrics E.L. was taken back to Ann and Robert H. Luri Children's hospital that afternoon, put on another IV and more blood work was done, and once again sent home.

20. On September 1, 2021, The Luhm family was contacted by the hospital and told that E.L. needed to come back to the hospital immediately. Upon arrival, E.L.'s temperature was over 103 degrees. Blood collected from E.L. had tested positive for *Salmonella* and E.L. was then admitted to hospital for 3 consecutive days until released September 3, 2021. Plaintiff was contacted by the DuPage County Health Department for a food history interview. Approximately 2 weeks later the health department official informed her that E.L.'s *Salmonella* serotype was Oranienburg and that the Tacochela restaurant whose food E.L. had consumed was implicated in other *Salmonella* cases linked to the Defendant's onions.

21. To date, E.L. is still experiencing gastrointestinal symptoms. He continues to recover from his *Salmonella* infection.

## CAUSES OF ACTION

## COUNT I

## STRICT LIABILITY

22. Plaintiff incorporates the preceding paragraphs of this Complaint, by this reference, as if each and every of these paragraphs were set forth here in its entirety.

23. Defendant manufactured, distributed, and sold the adulterated food product that injured E.L. and caused him to become infected with *Salmonella*.

24. The food products, namely onions, that the Defendant manufactured, distributed, and sold were, at the time they left Defendant's control, defective and unreasonably dangerous for their ordinary and expected use because they were contaminated by *Salmonella*, a bacteria dangerous to human health.

25. Because the onion products were contaminated by *Salmonella*, they were in a condition that consumers had not contemplated, including Plaintiff, and they were in a condition that rendered the products unreasonably dangerous for their ordinary and expected use.

26. These onions were expected to reach the consumers, including Plaintiff, and be consumed by them, without substantial change. The consumers used the food products in the manner expected and intended, including when they consumed them.

27. E.L suffered injury and damages as a direct and proximate result of the defective and unreasonably dangerous condition of the onions that the Defendant manufactured, distributed, and sold.  These damages include but are not limited to:  physical and mental pain and suffering, past and future in the form of the pain and suffering including bodily suffering, discomfort and loss of enjoyment of life; and medical costs and expenses to this point and the present value of reasonable medical expenses in the future, all in amounts to be proven at the time and place of

trial.

## COUNT II

### NEGLIGENCE AND NEGLIGENCE PER SE

28. Plaintiff incorporates the preceding paragraphs of this Complaint, by this reference, as if each and every of these paragraphs were set forth here in its entirety.

29. The Defendant owed to the Plaintiff a duty to comply with all applicable state and federal statutes, laws, regulations, and safety codes intended to ensure the purity and safety of its food products, including, but not limited to, the requirements of the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 *et seq*.

30. Plaintiffs are among the class of persons intended to be protected by these statutes, laws, regulations, and safety codes pertaining to the manufacture, distribution, storage, and sale of similar food products.

31. The Defendant failed to comply with the provisions of the health and safety acts identified above, and, as a result, was negligent *per se* in its manufacture, distribution, and sale of food products adulterated by *Salmonella*, a pathogen harmful to human health.

32. The Defendant owed a duty to Plaintiff to use reasonable care in the manufacture, distribution, and sale of its food products, which duty, if met, would have prevented or eliminated the risk that its food products would become contaminated by *Salmonella* or any other dangerous pathogen.

33. The Defendant's duty described in the foregoing paragraph required that it exercise reasonable care in the selection and approval of growers, harvesters, and other individuals and entities involved in the manufacture and production of its food products.

34. The Defendant breached the duties alleged in the foregoing paragraphs by failing to take reasonable steps, measures, and actions to prevent the onion products from becoming contaminated by harmful pathogens during the growth, harvest, cooling, and processing phases.

35. The Defendant had a duty to properly supervise, train, and monitor its employees, and to ensure compliance with all applicable statutes, laws, regulations, or safety codes pertaining to the manufacture, distribution, storage, and sale of similar food products, but failed to do so and was therefore negligent.

36. E.L suffered injury and damages as a direct and proximate result of the Defendant's acts and omissions constituting negligence and negligence per se. These damages include but are not limited to: physical and mental pain and suffering, past and future in the form of the pain and suffering including bodily suffering, discomfort and loss of enjoyment of life; and medical costs and expenses to this point and the present value of reasonable medical expenses in the future, all in amounts to be proven at the time and place of trial.

## COUNT III

## BREACH OF WARRANTY

37. Plaintiff incorporates the preceding paragraphs of this Complaint, by this reference, as if each and every of these paragraphs were set forth here in its entirety.

38. By selling the onions to consumers, including Plaintiff, the Defendant impliedly warranted that its food products were fit for the ordinary purpose for which food is used.

39. By selling onions to consumers, including Plaintiff, the Defendant expressly warranted those onions were safe to eat and were not contaminated by a deadly pathogen.

40. The onions that the Defendant sold to Plaintiff were contaminated *Salmonella*, a dangerous pathogen, and were therefore not fit for the ordinary purpose for which food is used.

The Defendant therefore breached its express and implied warranties with regard to the food products it manufactured, distributed and sold to consumers.

41. E.L suffered personal injury as a direct result of the Defendant's breach of express and implied warranties, as set forth above. These damages include, but are not limited to: physical and mental pain and suffering, past and future in the form of the pain and suffering including bodily suffering, discomfort and loss of enjoyment of life; and medical costs and expenses to this point and the present value of reasonable medical expenses in the future, all in amounts to be proven at the time and place of trial.

## COUNT IV

## BREACH OF IDAHO CONSUMER PROTECTION ACT

42. Plaintiff incorporates the preceding paragraphs of this Complaint, by this reference, as if each and every of these paragraphs were set forth here in its entirety.

43. By selling food products to consumers, the Defendant represented that its food products were safe to eat and were not contaminated by a deadly pathogen.

44. The Defendant violated Idaho Code §§ 48-603(5) and (7) by representing that its food products were safe to eat and were not contaminated by a deadly pathogens , when such food products were contaminated by *Salmonella*.

45. E.L suffered personal injury as a direct result of the Defendant's breach of the Idaho Consumer Protection Act, as set forth above. These damages include, but are not limited to: physical and mental pain and suffering, past and future in the form of the pain and suffering including bodily suffering, discomfort and loss of enjoyment of life; and medical costs and expenses to this point and the present value of reasonable medical expenses in the future, all in amounts to be proven at the time and place of trial.

## PRAYER FOR RELIEF

WHEREFORE, JENNIFER LUHM prays for judgment against PROSOURCE PRODUCE, LLC, as follows:

a. Judgment for JENNIFER LUHM against PROSOURCE PRODUCE, LLC, for just compensation in a fair and reasonable amount for the damages above set forth; and

b. Such additional and/or further relief, including interest, costs, and reasonable attorney fees, as this Court deems just and equitable.

## JURY TRIAL DEMANDED

Dated this 3rd day of December, 2021.

        HEPWORTH HOLZER, LLP

        By: /s/ John J. Janis
            John J. Janis ISB # 3599
            Hepworth Holzer, LLP
            537 W. Bannock Street #200
            Boise, Idaho 83702
            (208) 343-7510

Dated this 3rd day of December, 2021.

        MARLER CLARK LLP, PS

        By: /s/ William D. Marler
            William D. Marler
            Marler Clark, LLP, PS
            1012 1st Avenue, Fifth Floor
            Seattle, WA 98104
            (206) 346-1888
            WSBA No. 17233
            (*Pro Hac Vice Pending*)

        Attorneys for Plaintiff